## Zook v. Zook

D. *Patrick Zimmerman*, for plaintiff.
*Hassel, Yost & Sorrentino*, for defendant.

BUCHER, *J.*, December 17, 1976.—The matter before the court involves preliminary objections filed by plaintiff to defendant's counterclaim.

This is an equity action between divorced parties for the partition of jointly owned real estate.

The parties were married January 28, 1967, and divorced April 30, 1976. Between those dates they acquired the real estate which is the subject of this action. One parcel was purchased January 6, 1973, and the other on August 9, 1974.

In his counterclaim defendant alleges that the parties are indebted to defendant's father on a note dated April 10, 1970, in the amount of $3,000 and to defendant's father and mother on a note dated August 19, 1974, in the amount of $4,000. Defendant avers "that said sum(s) should be deducted from the proceeds of any sale of joint property before distribution is made."

Plaintiff in her preliminary objections contends that defendant's parents are the real parties in interest on the notes and are not parties to this suit. She alleges a misjoinder of a cause of action. Defendant contends that the allegation of a joint liability is not a "cause of action" and that the counterclaim is really an action for an accounting and/or a contribution.

Defendant can't have it both ways. If the counterclaim is not a cause of action then it violates Pa. R.C.P. 1510 which provides that "only a cause of action . . . which arises from the same transaction . . ." may be pleaded. We hold that paragraphs 12 and 13 of the counterclaim do not constitute a cause of action within the meaning of the

aforesaid rule. Nor is this a case where an accounting can be demanded in equity.

Accordingly, the court enters the following

## ORDER

And now, December 17, 1976, for the foregoing reasons plaintiff's preliminary objections to defendant's counterclaim are sustained and paragraphs 12 and 13 of the counterclaim are stricken.